UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEAN W. HUTTON,

        Plaintiff,

   v.

CALIFORNIA ASSOCIATION OF
PROFESSIONAL FIREFIGHTERS; and
DOES 1 through 20 inclusive,

        Defendant.

2:05-CV-0309-MCE-KJM

MEMORANDUM AND ORDER

----oo0oo----

    Plaintiff Dean W. Hutton ("Hutton") is seeking relief on the ground that Defendant California Association of Professional Firefighters ("CAPF") breached its long term disability contract with him and violated the covenant of good faith and fair dealing by failing to pay benefits due him under the plan. CAPF now moves to dismiss Hutton's claim or, in the alternative, to strike his demand for punitive damages. Neither party disputes, and the Court finds, that the plan is exclusively governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.S. §1001 et. seq.

1

For the reasons set forth below, CAPF's Motion to Dismiss is granted without leave to amend and without prejudice.[1]

**BACKGROUND**

Hutton is a retired firefighter who was a member of Defendant California Association of Professional Firefighters. CAPF is an association that operates a long term disability plan ("Plan") to which Hutton subscribed.  Hutton alleges that, during a period of coverage, he became totally disabled entitling him to disability benefits.

On or about April 14, 2001, Hutton began to receive benefits pursuant to the Plan.  Two months later, Hutton began receiving disability retirement income from California Public Employees Retirement System which triggered a recalculation of benefits owed him under the Plan.  Hutton alleges that CAPF made an error in its recalculation of his disability benefits forcing him to institute an investigation to rectify the claimed error.

On or about July of 2002, CAPF terminated Hutton's benefits entirely claiming he had received all benefits due him under the Plan.  After investigating the matter, CAPF restored Hutton's disability benefits.  In January 2003, however, his benefits were once again terminated on the ground that Hutton did not qualify for "All Occupation Disability."

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1  Pursuant to the Plan, if a participant's claim is denied,
2 the participant may appeal that denial by filing a written
3 request for review to the Plan's Board of Directors within thirty
4 days following the denial.  Ex. 1 to Complaint, p. 10-11.  If a
5 dispute continues beyond the completion of any review process,
6 both parties must use their best efforts for a period of thirty
7 days to resolve the dispute through negotiations.  *Id.*  If the
8 parties are unable to reach an agreement after the negotiation
9 period, either party may institute legal proceedings.  *Id.*
10  On August 8, 2003, Hutton sent a letter to CAPF seeking an
11 appeal of Defendant's decision to deny him benefits.  Floyd Decl.
12 in Support of Defendant's Motion to Dismiss, Exhibit H ("Floyd
13 Decl.").  After numerous exchanges of correspondence, an appeal
14 hearing was scheduled and, ultimately, held on April 7, 2004.
15 Floyd Decl. at 5.  The matter was taken under submission at the
16 conclusion of the hearing.  *Id.*  Hutton filed suit in the
17 Superior Court on October 8, 2004.  On February 17, 2005,
18 Defendants officially denied Hutton's claim concluding his
19 appeal.

## STANDARD

23  In moving to dismiss for lack of subject matter jurisdiction
24 pursuant to Rule 12 (b)(1), the challenging party may either make
25 a "facial attack" on the allegations of jurisdiction contained in
26 the complaint or can instead take issue with subject matter
27 jurisdiction on a factual basis ("factual attack").
28 *///*

3

1  *Thornhill Publ'n Co. v. Gen. Tel. & Elect. Corp.*, 594 F.2d 730,
2  733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*,
3  549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a
4  facial attack, the Court must consider the factual allegations of
5  the complaint to be true.  *Williamson v. Tucker*, 645 F.2d 404,
6  412 (5th Cir. 1981); *Mortensen*, 549 F.2d at 891.  If the motion
7  constitutes a factual attack, however, "no presumptive
8  truthfulness attaches to plaintiff's allegations, and the
9  existence of disputed material facts will not preclude the trial
10 court from evaluating for itself the merits of jurisdictional
11 claims."  *Thornhill*, 594 F.2d at 733 (quoting *Mortensen*, 549 F.2d
12 at 891).
13     If the Court grants a motion to dismiss a complaint, it must
14 then decide whether to grant leave to amend.  Generally, leave to
15 amend should be denied only if it is clear that the deficiencies
16 of the complaint cannot be cured by amendment.  *Broughton v.
17 Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

## ANALYSIS

23     CAPF argues that Hutton failed to exhaust his administrative
24 remedies before bringing the present action depriving this Court
25 of subject matter jurisdiction.  Subject matter jurisdiction is
26 to be determined at the time the complaint is filed.  *In re
27 Fietz*, 852 F.2d 455, 456 (9th Cir. 1988).
28 ///

4

CAPF correctly points out that under ERISA, employee benefit plans are required to provide internal dispute resolution procedures for participants whose claims have been denied. *See* 29 U.S. C. § 1133.  The Ninth Circuit has clarified that an ERISA plan participant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court. *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).  Accordingly, to survive CAPF's Motion to Dismiss, Hutton must show that at the time his Complaint was filed, he had exhausted his administrative remedies under the Plan.

Hutton does not address CAPF's contention that he failed to exhaust his administrative remedies.  Rather, Hutton merely avers that CAPF's motion should be denied because his Complaint meets the pleading requirements of Federal Rule of Civil Procedure 8. Even assuming Hutton's assertion to be true, a properly pleaded complaint does nothing to solve this jurisdictional defect. Indeed, in order to save this action, Hutton must establish either exhaustion of his administrative remedies or a valid justification for failing to do so.

As noted above, Hutton filed the present action on October 8, 2004.  However, the record establishes that his appeal had not yet concluded. Specifically, in a letter dated January 18, 2005, Hutton asked "What is the status of the Appeal?"  Floyd Decl., Exhibit T.  This letter was advanced to CAPF two months subsequent to the initiation of this litigation.  Again, in a letter dated February 15, 2005, Hutton acknowledged that his appeal was still pending.  Floyd Decl., Exhibit V.

5

Because Plaintiff filed his Complaint before he had exhausted his administrative remedies, this Court lacks subject matter jurisdiction.  As a result, Hutton's Complaint must be dismissed.

Further, because Hutton can plead no set of facts that will cure this jurisdictional defect, his claims for breach of contract and breach of the implied covenant of good faith and fair dealing must be dismissed without leave to amend.  In light of the foregoing, the Court need not reach CAPF's Motion to Strike punitive damages.

**CONCLUSION**

For the reasons fully explained above, CAPF's Motion to Dismiss is GRANTED without leave to amend and without prejudice.

IT IS SO ORDERED.

DATED: March 15, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE